UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BCJJ, LLC, etc.,

    Plaintiff,

v.                   CASE NO. 8:09-CV-551-T-17EAJ

THOMAS LEFEVRE, etc.,
et al.,

    Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 51    Motion to Discharge Lis Pendens
Dkt. 73    Response
Dkt. 84    Emergency Supplement to Motion
Dkt. 86    Response

This case is a multiple claim, multiple defendant case which includes the following counts:

Count I - Violation of Interstate Land Sales Full Disclosure Act, 15 U.S.C. Sec. 1703(a)(2)

as to Thomas J LeFevre ("LeFevre"), Thomas J. LeFevre Living Trust ("LeFevre Trust"), Tom's Friends, LLC ("Tom's Friends"), Tom's S Corp., Bayonne Investments, LLC, Bayonne, LLC, Evan Berlin, Berland Investments, LLC, Berlin Law Firm, P.A. ("Berlin Law Firm")

Count II - Violation of Section 10(b) of Securities Exchange Act of 1934 and SEC Rule 10b-5

as to All Defendants

Case No. 8:09-CV-551-T-17EAJ

Count III - Violation of Florida Securities and Investor Protection Act, Section 517.301, Fla. Stat.

All Defendants

Count IV - Fraudulent Inducement

as to LeFevre, LeFevre Trust, Tom's S Corp., Tom's Friends, Bayonne Investments, LLC ("BI")Bayonne, LLC ("Bayonne"), Evan Berlin ("Berlin"), Berland Investments, LLC ("Berland"), and M&I Marshall & Illsley Bank ("M&I")

Count V - Negligent Misrepresentation

as to LeFevre, LeFevre Trust, Tom's S Corp., Tom's Friends, BI, Bayonne, Berlin, Berland, and M&I

Count VI - Aiding and Abetting Fraud

Berlin Law Firm and M&I

Count VII - Breach of Contract

LeFevre and LeFevre Trust

Count VIII - Unjust Enrichment -

LeFevre, LeFevre Trust, Tom's Friends, Tom's S Corp., BI, Berland, and M&I

Count IX - Civil Theft, Sec. 772.11, FS

as to LeFevre and LeFevre Trust

Count X - Legal Malpractice/Negligence

Berlin and Berlin Law Firm

Case No. 8:09-CV-551-T-17EAJ

    Count XI - Violations of Florida Deceptive and Unfair Trade Practices Act

    LeFevre, LeFevre Trust, Tom's Friends, Tom's S Corp., BI, Bayonne, Berlin, Berland, and Berlin Law Firm

    Count XII - Equitable Lien

    as to BI, TT, LLC and Bayonne

I. Motion to Discharge Lis Pendens or Require Plaintiff to Post a Bond

Defendant Bayonne, LLC moves for an order discharging Plaintiff's Notice of Lis Pendens or requiring Plaintiff to post a lis pendens bond. Defendant Bayonne, LLC argues that Plaintiff's claim for an equitable lien on the real property owned by Defendant Bayonne, LLC is not a claim founded upon a duly recorded instrument on which Plaintiff's action is founded, nor a claim of lien under Ch. 731, Fla. Stat. Defendant Bayonne, LLC further argues that there is no fair nexus between the claim in litigation and the property's title, as Defendant Bayonne, LLC is not a party to any of the agreements under which Plaintiff is proceeding, and the agreements do not evidence the intention to charge Bayonne LLC's property with Defendant LeFevre's debt. Defendant further argues that the claim for imposition of an equitable lien fails under Ch. 725.01, Fla. Stat. In the event the Court does not discharge the lis pendens, Defendant requests an evidentiary hearing.

II. Plaintiff's Response

Plaintiff BCIJ, LLC responds that there is a publicly recorded Joint Development Agreement between Bayonne Investments,

Case No. 8:09-CV-551-T-17EAJ

LLC and Bayonne, LLC; the two entities share an interest in the development plan and property, as well as ownership and management. Defendant Thomas LeFevre is a managing member of both entities. Plaintiff BCIJ, LLC alleges that Defendant Evan Berlin had a key role in soliciting Plaintiff BCIJ, LLC to invest the $400,000. Plaintiff BCIJ, LLC further argues that Defendant Evan Berlin has an ownership interest in Defendant Bayonne Investments, LLC and served as counsel to Defendant Bayonne, LLC and Defendant Thomas LeFevre.

Plaintiff BCIJ, LLC argues that there is a fair nexus between the property and Plaintiff's claims against Defendant Bayonne LLC, and therefore the lis pendens should not be dissolved. Plaintiff BCIJ, LLC further argues that Plaintiff BCIJ, LLC should not be required to post a bond until Defendant Bayonne, LLC produces evidence that the lis pendens will cause Defendant Bayonne, LLC to suffer damages.

III. Discussion

Count XII of the Amended Complaint is a claim for equitable lien against Defendants Bayonne Investments LLC, TT, LLC and Bayonne, LLC.

An equitable lien is a remedial device which may arise under a variety of circumstances:

> "The equitable lien is a remedial device of considerable flexibility adaptable to a wide variety of circumstances." Boyer and Katun, The Equitable Lien in Florida, 20 U.Miami L.Rev. 731 (1966). "Such liens may arise from written contracts which show an intention to charge some particular property

4

Case No. 8:09-CV-551-T-17EAJ

> with a debt or obligation, or they may be declared by a court of equity out of general considerations of right and justice as applied to the relations of the parties and the circumstances of their dealings." FN1 Ross v. Gerung, 69 So.2d 650, 652 (Fla.1954); see generally Jones v. Carpenter, 90 Fla. 407, 106 So. 127 (1925); Tucker v. Prevatt Builders, Inc., 116 So.2d 437 (Fla. 1st DCA 1959). A circumstance justifying the imposition of an equitable lien exists "when the claimant has furnished funds for the improvement of land with the knowledge and consent of the owner." Wagner v. Roberts, 320 So.2d 408, 410 (Fla. 2d DCA 1975), cert. denied, 330 So.2d 20 (Fla.1976); see also Union Trust Co. of St. Petersburg v. Wittmann, 145 So.2d 540 (Fla. 2d DCA 1962); Carter v. Suggs, 190 So.2d 784 (Fla. 1st DCA 1966).
>
> FN1. The basis of equitable liens may be estoppel or unjust enrichment. Blumin v. Ellis, 186 So.2d 286 (Fla. 2d DCA 1966). However, in order to prevail on an estoppel theory, there must be evidence of fraud, misrepresentation, or other affirmative deception. Rinker Materials Corp. v. Palmer First National Bank & Trust Co. of Sarasota, 361 So.2d 156 (Fla.1978); Diversified Commercial Developers, Inc. v. Formrite, Inc., 450 So.2d 533 (Fla. 4th DCA 1984).

Plotch v. Gregory, 463 So.2d 432, 436 (Fla. 4th DCA 1985).

In determining whether a fair nexus exists between ownership of property and the dispute embodied in a lawsuit for purposes of maintaining a lis pendens, the relevant question is whether alienation of the property or the imposition of intervening liens conceivably could disserve the purposes for which the lis pendens exists. Where the answer is yes, a fair nexus must be found. See Von Mitschke-Collande v. Kramer, 869 So.2d 1246, 1250 (Fla. 3rd DCA 2004).

5

Case No. 8:09-CV-551-T-17EAJ

A proponent of a lis pendens does not have to show a "substantial likelihood of success on the merits" or "establish his claim by the greater weight of the evidence," in order to establish a fair nexus;...it is sufficient that the proponent demonstrate that, absent a lis pendens, his unrecorded claim against the property could be jeopardized. Id, at 1250.

In this case, Defendant Bayonne, LLC argues that the mortgage on the property has matured and seeks to dissolve the lis pendens in order to refinance. A refinance or sale would jeopardize Plaintiff's equitable lien. After consideration, the Court finds that a fair nexus between Plaintiff's claim and the property exists. The Court denies the Motion to Discharge Lis Pendens and this case will be referred to the assigned Magistrate Judge to conduct an evidentiary hearing on the bond issue. Accordingly, it is

**ORDERED** that the Motion to Discharge Lis Pendens is **denied**, and Motion for Bond is **referred** to the assigned Magistrate Judge to conduct an evidentiary hearing and for a report and recommendation.

Case No. 8:09-CV-551-T-17EAJ

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 19th day of October, 2009.

*[Signature]*
ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record