UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BCIJ, LLC,

    Plaintiff,

v.                          CASE NO. 8:09-CV-551-T-17EAJ

THOMAS J. LEFEVRE, etc.,
et al.,

    Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 32    Motion to Dismiss Amended Complaint (M&I)
Dkt. 58    Response

The Amended Complaint in this multiple claim, multiple defendant case includes the following:

    Count I:    Violation of Interstate Land Sales Full Disclosure Act, 15 U.S.C. Sec. 1703(a)(2)

As to Thomas J. LeFevre, individually and as trustee of Thomas J. LeFevre Living Trust, Tom's Friends, LLC, Tom's S Corp., Bayonne Investments, LLC, Bayonne, LLC, Evan Berlin, Berland Investments, LLC, Berlin Law Firm, P.A.

    Count II:    Violation of Section 10(b) of Securities Exchange Act of 1934 and SEC Rule 10b-5

All Defendants

Case No. 8:09-CV-551-T-17-EAJ

    Count III: Violation of Florida Securities and
              Investor Protection Act, Section 517.301,
              Fla. Stat.

All Defendants

    Count IV:      Fraudulent Inducement

As to LeFevre, ind., and as trustee of LeFevre Living Trust, Tom's Corp., Tom's Friends, LLC, Bayonne Investments, LLC, Bayonne, LLC, Evan Berlin, Berland Investments, LLC, and M&I Marshall & Ilsley Bank

    Count V:       Negligent Misrepresentation

As to LeFevre, ind., and as trustee of LeFevre Living Trust, Tom's S Corp., Tom's Friends, Bayonne Investments, LLC, Bayonne, LLC, Evan Berlin, Berland Investments, LLC, and M&I Marshall & Ilsley Bank

    Count VI:      Aiding and Abetting Fraud

As to Berlin Law Firm, P.A. and M&I Marshall & Ilsley Bank

    Count VII:     Breach of Contract

As to LeFevre, ind., and as trustee of LeFevre Living Trust

    Count VIII:    Unjust Enrichment

As to LeFevre, ind., and as trustee of LeFevre Living Trust, Tom's Friends, Tom's S Corp., Bayonne Investments, LLC, Berland Investments, LLC, M&I Marshall & Ilsley Bank

    Count IX:      Civil Theft, Sec. 772.11, Fla. Stat.

As to LeFevre, ind., and as trustee of LeFevre Living Trust

Case No. 8:09-CV-551-T-17-EAJ

    Count X:     Legal Malpractice/Negligence

As to Evan Berlin and Berlin Law Firm, P.A.

    Count XI:    Florida Deceptive and Unfair Trade Practices Act, Sec. 501.201, Fla. Stat.

As to LeFevre, ind. and as trustee of LeFevre Living Trust, Tom's Friends, Tom's S Corp., Bayonne Investments, LLC, Bayonne, LLC, Evan Berlin, Berland Investments, LLC and Berlin Law Firm, P.A.

    Count XII:   Equitable Lien

As to Bayonne Investments, LLC, TT, LLC, and Bayonne, LLC

On April 3, 2006, Plaintiff entered into a Contract for Purchase and Sale with Bayonne Development, LLC for the purchase of Unit 241 in Grande Bay Condominium. On March 24, 2007, Thomas LeFevre, accompanied by Evan Berlin, approached William Turkish, managing member of BCIJ, LLC to inquire whether BCIJ would make a $400,000 investment in Bayonne Investments, LLC in exchange for additional security and an upgrade to a more expensive condominium unit in Grande Bay Condominium. On March 27, 2007, Plaintiff BCIJ, LLC closed on this investment transaction through which Plaintiff invested $400,000 in Bayonne Investments, LLC through his purchase of seven Investment Units in Bayonne Investments, LLC. As security for the investment, BCIJ was provided with an upgrade to a more expensive unit in Grande Bay Condominium. In the event the condominium upgrade did not come to fruition, and as an alternative security for BCIJ's

3

Case No. 8:09-CV-551-T-17-EAJ

investment, BCIJ was provided with membership units in TT, LLC and GLRS, LLC, both of which owned other real estate in Sarasota, FL. Upon consummation of the investment transaction, the funds from BCIJ were wired from the Berlin Law Office's trust account to Defendant M&I, the owner and holder of the mortgage on Bayonne Investment, LLC's development site, the Commercial Property. Plaintiff BCIJ, LLC alleges that in April, 2008, Plaintiff learned from Evan Berlin that the investment transaction was a deliberately orchestrated sham, in that LeFevre and LeFevre Trust were never authorized to pledge their membership units in GLRS, and the conditions required by TT's operating agreement were never satisfied. The security pledged to Plaintiff BCIJ as consideration for BCIJ's investment in Bayonne Investments, LLC was completely defective, resulting in an a completely unsecured obligation to BCIJ by LeFevre and LeFevre Trust.

The failed investment transaction alleged in this case included the following documents, attached to the Amended Complaint:

| | |
|---|---|
| Exhibit A | Contract for Purchase and Sale Of Unit 241, Residences at Grande Bay, A Condominium, dated April 3, 2006, between BCIJ, LLC and Bayonne Development, LLC; |
| Exhibit B | Purchase Agreement for Membership Interest dated March 27, 2007, between BCIJ, LLC and Thomas J. LeFevre, as Trustee Of Thomas J. LeFevre Living Trust dated October 8, 2001; |
| Exhibit C | Unanimous Consent of Members Tom's Friends, LLC permitting assignment of seven |

                        Investment Units in Bayonne Investments, LLC to BCIJ, LLC in exchange for payment Of $400,000, signed on March 26, 27, 2007;

Exhibit D        Assignment of Membership Interests, dated March 27, 2007, between Tom's Friends, LLC and BCIJ, LLC;

Exhibit E        Agreement between Thomas J. LeFevre, as Trustee of Thomas J. LeFevre Living Trust dated October 8, 2001, and/or its successor and assigns, and BCIJ, LLC, and/or its successors and assigns, (undated);

Exhibit F        Security Agreement, by Thomas J. LeFevre and as Trustee of the Thomas J. LeFevre Living Trust dated October 8, 2001, ("Borrower") in favor of BCIJ, LLC ("Lender") executed on March 27, 2007;

Exhibit G        Collateral Assignment of Distributions And Profits by Thomas J. LeFevre, Individually and as Trustee of the Thomas J. LeFevre Living Trust dated October 8, 2001 ("Borrower") and BCIJ, LLC ("Lender) dated March 27, 2007;

Exhibit H        Closing Agreement, between Thomas J. LeFevre, as Trustee of Thomas J. LeFevre Living Trust dated October 8, 2001, and BCIJ, LLC, pursuant to Purchase Agreement for Membership Interest ("Contract") Berlin Law Firm, P.A. ("Closing Agent") has been requested to consummate the closing of the transaction involving the Contract;

Exhibit I        Balance Sheet, Bayonne Investments LLC, as of March 27, 2007;

Exhibit J        Appraisal Report of "The Bayonne Development" dated November 10, 2006, to Karyn L. Wild, Vice President, Commercial Lending, M&I Bank;

Case No. 8:09-CV-551-T-17-EAJ

Exhibit K  Memorandum of Joint Development Agreement, Dated October 12, 2005 between Bayonne Development LLC, and Bayonne Investments, LLC, prepared by Evan Berlin, Esq., Berlin Law Firm, and recorded in Sarasota County on October 17, 2005;

Exhibit L  Balance Sheet of Bayonne Investments, LLC, As of May 3, 2007.

I. Standard of Review

As the Supreme Court held in Bell Atlantic v. Twombly, 127 S.Ct. 1955 (2007), a complaint must be dismissed pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim for relief that is plausible on its face." Id. at 1974 (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The allegations in plaintiff's complaint are presumed true at this stage and all reasonable factual inferences must be construed in plaintiff's favor. However, the Court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint. Nor must the Court accept legal conclusions cast in the form of factual allegations. To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atlantic, 127 S.Ct. at 1965.

II. Discussion

Defendant M&I Marshall & Ilsley Bank moves to dismiss the Amended Complaint for failure to state a claim, pursuant to Rule 12(b)(6), Fed.R. Civ.P.

Case No. 8:09-CV-551-T-17-EAJ

A. Count II - Section 10(b) and Rule 10b-5

Defendant M&I argues that Plaintiff has not alleged a cause of action under Section 10(b) and Rule 10b-5. Defendant argues that Plaintiff does not assert that Defendant's alleged assurances as to the value of the Bayonne Property were false or misleading.

Defendant M&I argues that the allegations of the Amended Complaint do not meet the requirements of the PSLRA, in that the Amended Complaint does not include allegations of particular facts that give rise to a strong inference that Defendant M&I acted in a severely reckless manner. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1282 (11th Cir. 19999). Severe recklessness is limited to those highly unreasonable omissions or misrepresentations that involve not merely simple or even inexcusable negligence, but an extreme departure from the standards of ordinary care, and that the present danger of misleading buyers or sellers is either known to defendant, or is so obvious that the defendant must have been aware of it.

Defendant M&I argues that there are no allegations in the Amended Complaint that M&I was a primary actor in the sale of any security. There is no cause of action for aiding and abetting under Section 10(b) or Rule 10b-5, and liability of secondary actors must be established as primary liability. See Central Bank of Denver, N.A. v. First Interstate Bank of Denver, 511 U.S. 164 (1994).

7

Case No. 8:09-CV-551-T-17-EAJ

Defendant M&I argues that there are no allegations of a misrepresentation concerning the appraisal by M&I. The appraisal was provided to M&I for M&I to rely upon as an estimate of the market value of the property for underwriting a mortgage loan, and was not provided to Plaintiff by Defendant M&I. Defendant M&I further argues that the appraisal sets forth the assumptions and limiting conditions used in connection with the appraiser's valuation, and is therefore not a false representation.

Defendant M&I further argues that Plaintiff cannot allege that Plaintiff justifiably relied on the appraisal and also argue that the appraisal is false in that it does not account for the Joint Development Agreement, which was recorded. Under Florida law, a person is deemed to have constructive knowledge of restrictions contained in the public records. McKay v. Townson, 528 So.2d 977 (Fla. 2d DCA 1988).

Plaintiff responds that there is no language in the appraisal that would put a reasonable reader on notice of the fact that the valuation did not account for the Joint Development's effect on the Commercial Property. Plaintiff argues that, since the Joint Development Agreement was recorded, Defendant M&I is charged with constructive knowledge of the Agreement and its restrictions. Plaintiff further argues that Plaintiff's claim is that the Defendant M&I did not disclose the fact that the appraisal did not account for the restrictions of the Joint Development Agreement.

In the Amended Complaint, Plaintiff alleges that Defendant LeFevre had a longstanding relationship with Defendant M&I's vice

Case No. 8:09-CV-551-T-17-EAJ

president, Karyn Wild, who assisted Defendant LeFevre in obtaining other loans from Gold Bank, which Defendant M&I acquired in April, 2006. Plaintiff further alleges that Karyn Wild had a personal relationship with Defendant LeFevre. In addition to Plaintiff's allegations relating to the appraisal, Plaintiff alleges that Karen Wild gave assurances in a telephone conversation with Jason Turkish that the $400,000 would successfully capitalize the refinancing of Bayonne Investment, LLC's development site, the Commercial Property.

In determining a motion to dismiss, the Court considers all well-pleaded factual allegations to be true. The Court must consider the factual allegations of the Amended Complaint in their totality, to determine whether a strong inference of scienter has been pled. The Court takes into account plausible inferences opposing as well as supporting a strong inference of scienter. In this case, Plaintiff's allegations of fraud include making oral representations and providing documents allegedly containing misrepresentations.

The appraisal is in the form of a letter addressed to Defendant M&I Bank, and expressly states that the purpose of the appraisal is to estimate the market value of the subject property for under writing a mortgage loan. The appraisal contains within it the assumptions and limiting conditions on which the appraiser's value conclusion is based. The Court notes that the Amended Complaint does not state on what date and by whom Plaintiff was provided with the appraisal from which there are alleged omissions which render the appraisal materially misleading. The Amended Complaint states that Plaintiff relied

9

Case No. 8:09-CV-551-T-17-EAJ

on Exhibits B, C, D, E, F & G in closing on the transaction on March 27, 2007. Plaintiff alleges that Defendants LeFevre, LeFevre Trust, Tom's S Corp., Tom's Friends, Bayonne Investments, LLC, Bayonne Development, LLC, Berlin, Berland and M&I falsely represented the value of the real property owned by Bayonne Investments, LLC by presenting BCIJ, LLC with an appraisal that did not account for the substantial private restrictions arising from the Joint Development Agreement on the Commercial Property and in favor of the adjoining Waterfront Property (Par. 82). The Court needs to know who provided the appraisal to Plaintiff, and under what specific circumstances.

Aside from the appraisal, Plaintiff's only allegation of a representation by Defendant M&I is the allegation of one telephone call in which Karyn Wild provided direct assurances to Jason Turkish that the $400,000 would successfully capitalize the refinancing of Bayonne Investments, LLC's development site, the Commercial Property. The connection between Defendant M&I's alleged representations and Plaintiff's losses is murky. The condominium project was terminated for insufficient sales, which led to Plaintiff's cancellation of the Upgrade Agreement, and Plaintiff's later discovery that Plaintiff's fully secured investment was not secured. To adequately plead loss causation, the misrepresentation at issue must touch upon the reason for the investment's decline.

The allegations of the Amended Complaint do not meet the heightened pleading standard for scienter, and do not adequately plead loss causation. After consideration, the Court **grants** Defendant M&I's Motion to Dismiss as to Count II, with leave to

Case No. 8:09-CV-551-T-17-EAJ

amend within fourteen days.

B. Count III - Sec. 517.301, Fla. Stat.

Defendant M&I argues that the Florida securities fraud claim fails for the same reason that the federal securities claim fails. Defendant M&I further argues that there was no buyer/seller privity.

Plaintiff argues that Plaintiff has alleged sufficient facts to show that Defendant M&I solicited the sale of securities to Plaintiff for Defendant M&I's financial gain.

The elements of a FSIPA claim closely resemble the requirements of a federal Rule 10b-5 claim. Under Sec. 571.301, negligence satisfies the scienter requirement. In addition, proof of loss causation is not required.

In the Amended Complaint, Plaintiff alleges that Defendant M&I, through the representations of Karyn Wild and through the property appraisal, encouraged and induced Plaintiff to make the $400,000 investment. Because Plaintiff has not identified when and from whom the appraisal was provided to Plaintiff, and because Plaintiff has not alleged any conduct with Defendant M&I that would take the relationship beyond an arms-length negotiation, the Court **grants** the Motion to Dismiss Count III, with leave to file an amended complaint within fourteen days.

Case No. 8:09-CV-551-T-17-EAJ

C. Count IV - Fraudulent Inducement
D. Count V - Negligent Misrepresentation

Defendant M&I argues that the allegations of the Amended Complaint do not meet the heightened pleading standard required by Rule 9(b).

Plaintiff argues that Defendant M&I held out the allegedly inflated appraisal to Plaintiff as accurate; that Defendant M&I knew or should have known of the falsity of the appraisal, that M&I intended to induce Plaintiff's reliance, and Plaintiff reasonably relied on the appraisal in making the decision to invest.

Where misrepresented information is alleged to be in the public record, the question of whether a cause of action exists should not be resolved through a motion to dismiss. <u>M/I Schottenstein Homes v. Azam, Inc.</u>, 813 So.2d 91, 94 (Fla. 2002). Under Florida law, a plaintiff cannot succeed in a claim for negligent misrepresentation unless the plaintiff shows that the defendant owed the plaintiff a duty of care. The existence of a duty of care is a question of law, not a question for the trier of fact. In the Amended Complaint Plaintiff does not allege facts that will support a fiduciary or contractual relationship between Defendant M&I and Plaintiff before Plaintiff's investment decision. Plaintiff does not allege when the appraisal was provided to Plaintiff, who provided the appraisal to Plaintiff, or whether Defendant M&I knew the appraisal was to be provided to Plaintiff.

Case No. 8:09-CV-551-T-17-EAJ

After consideration, the Court **denies** the Motion to Dismiss. The Court, sua sponte, directs Plaintiff to file an Amended Complaint which includes a more definite statement of facts, including when and in what circumstances the appraisal was furnished to Plaintiff, within fourteen days.

F. Count VI - Aiding and Abetting Fraud

Defendant M&I argues that there is no claim for aiding and abetting fraud under Section 10(b) and Rule 10b-5, and FSIPA. Defendant M&I argues that it is unclear whether Florida law recognizes a cause of action for aiding and abetting common law fraud. ZP No. 54 Limited Partnership v. Fidelity and Deposit Company of Maryland, 917 So.2d 368, 372 (Fla. 5th DCA 2005). Defendant M&I argues that the allegations of the Amended Complaint are merely conclusory statements of a cause of action for aiding and abetting fraud.

Defendant M&I further argues that the only conduct that Plaintiff complains about is the appraisal, and the assurances regarding capitalization of the refinancing. Defendant argues that there are no statements of fact which support a conclusion that Defendant was aware of any misrepresentations regarding the financial statements or the authority to pledge shares.

Defendant M&I argues that Plaintiff expressly incorporates allegations that M&I knew of the appraisal's falsity, or was severely reckless in not recognizing the falsity of the appraisal. Defendant argues that aiding and abetting requires actual knowledge of fraud, not some degree of recklessness.

13

Plaintiff responds that Plaintiff has sufficiently alleged the appraisal's omission of the Joint Development Agreement, and further alleges that Defendant's co-Defendants were also responsible for the misrepresentation in the appraisal. Plaintiff contends that Plaintiff has adequately alleged that Defendant M&I knew of the underlying fraud committed by its co-Defendants.

Plaintiff argues that other courts, when presented with a claim of aiding and abetting common law fraud, have conducted their analyses as if this cause of action is viable. See ZP No. 54 Ltd. P'ship v. Fidelity & Deposit Co. of Md., 917 So.2d 368, 371-72 (Fla. 5th DCA 2005).

To allege a cause of action for aiding and abetting common law fraud, a plaintiff must allege: 1) the existence of an underlying fraud; 2) defendant's knowledge of the fraud; and 3) defendant provided substantial assistance to advance the commission of the fraud.

Plaintiff does not allege that Defendant M&I knew of the fraud regarding the financial statements or the authority to pledge shares. Since the alleged fraud as to the appraisal involves a misrepresentation of information contained in public records, this cause of action should not be resolved through a motion to dismiss.

After consideration, the Court **grants** the Motion to Dismiss as to the fraud regarding the financial statements or authority to

Case No. 8:09-CV-551-T-17-EAJ

pledge shares, with leave to amend. The Court **denies** the Motion to Dismiss as to the appraisal. The Court, sua sponte, directs Plaintiff to file an Amended Complaint which includes factual allegations as to when and how the appraisal was provided to Plaintiff.

G.  Count VIII - Unjust Enrichment

The elements of a cause of action for unjust enrichment are: 1) plaintiff has conferred a benefit on defendant, who has knowledge thereof; 2) defendant voluntarily accepts and retains the conferred benefit; and 3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff. Extraordinary Title Services, LLC v. Florida Power & Light Company, 1 So.3d 400 (Fla. 3d DCA 2009).

Defendant M&I argues that Plaintiff has no relationship directly with M&I and conferred no benefit directly to M&I. Plaintiff conferred a benefit to Bayonne Investments, LLC by investing $400,000 in Bayonne Investments, LLC, not M&I. Defendant argues that Plaintiff's allegations that M&I was directly enriched through payments toward the mortgage held by M&I does not constitute a benefit conferred by Plaintiff upon M&I. Defendant argues that the benefit, if any, was conferred upon Bayonne Investments, LLC.

Plaintiff relies on Plaintiff's allegation that Plaintiff invested $400,000 based on the misrepresentation and fraud of Defendant M&I. Plaintiff also argues that the $400,000 investment

Case No. 8:09-CV-551-T-17-EAJ

was transferred directly to Defendant M&I from the Berlin Law Firm, P.A. trust account immediately after the transaction closed.

The transaction which took place on March 27, 2007 at the Berlin Law Office was the Purchase Agreement for Membership Interest, a contract between Plaintiff and Defendant LeFevre as trustee of the Thomas J. LeFevre Living Trust, and Tom's Friends, LLC (Exh. B.) Defendant M&I Bank was not a party to that contract. Plaintiff's payment into the Berlin Law Firm trust account was for the purchase of investment units in Defendant Bayonne Investments, LLC. Any funds deposited in the Berlin Law Firm trust account directly benefitted the Seller of the investment units, Defendant LeFevre, in his various capacities. Only Defendant LeFevre could authorize the disposition of the funds.

After consideration, the Court **grants** the Motion to Dismiss as to Count VIII.

H. Rescission

Defendant M&I argues that Defendant M&I was not in privity with Plaintiff under the investment contract which Plaintiff seeks to rescind, and Defendant M&I has no power or authority to alter or rescind the terms and/or obligations of the investment contract. Defendant M&I argues that Plaintiff's claim for rescission of the investment contract cannot stand and should be dismissed.

Case No. 8:09-CV-551-T-17-EAJ

Rescission is a remedy, not a cause of action. It remains to be seen which causes of action against Defendant M&I will proceed. After consideration, the Court **denies** the Motion to Dismiss as to rescission. Accordingly, it is

**ORDERED** that the Motion to Dismiss (Dkt. 32) is: 1) as to Count II, **granted**, with leave to amend, as stated above; 2) as to Count III, **granted**, with leave to amend, as stated above; 3) as to Counts IV and V, **denied** and **directed** to file an Amended Complaint which includes a more definite statement of facts, as stated above; 4) as to Count VI, **denied** and **directed** to file an Amended Complaint which includes a more definite statement of facts, as stated above; 5) as to Count VIII, **granted**; 6) as to rescission, **denied**.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 24th day of March, 2010.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record