```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

BCIJ, LLC, etc.,

    Plaintiff,

v.                      CASE NO. 8:09-CV-551-T-17EAJ

THOMAS J. LEFEVRE, etc.,
et al.,

    Defendants.

_____/

## ORDER

This cause is before the Court on:

Dkt. 36    Motion to Dismiss Amended Complaint
Dkt. 74    Opposition

The Amended Complaint in this case includes multiple claims and multiple defendants. Defendant Bayonne, LLC is named as a defendant in the following Counts:

| | |
|---|---|
| Count I | Violation of Interstate Sales Full Disclosure Act, 15 U.S.C. Sec. 1703(a)(2) |
| Count II | Violation of Section 10(b) of Securities Exchange Act of 1934 and SEC Rule 10b-5 |
| Count III | Violation of Florida Securities and Investor Protection Act, Section 517.301, Fla. Stat. |
| Count IV | Fraudulent Inducement |
| Count V | Negligent Misrepresentation |
| Count XI | Violation of Florida Deceptive and Unfair Trade Practices Act |
| Count XII | Equitable Lien |

Case No. 8:09-CV-551-T-17EAJ

The allegations of the Amended Complaint detail Plaintiff's failed investment in the amount of $400,000, which Plaintiff BCIJ, LLC alleges Plaintiff made based on intentional, reckless, material misrepresentations by Defendants. The investment transaction includes the following documents which are attached to the Amended Complaint:

| | |
|---|---|
| Exhibit A | Contract for Purchase and Sale Of Unit 241, Residences at Grande Bay, A Condominium, dated April 3, 2006, between BCIJ, LLC and Bayonne Development, LLC; |
| Exhibit B | Purchase Agreement for Membership Interest dated March 27, 2007, between BCIJ, LLC and Thomas J. LeFevre, as Trustee Of Thomas J. LeFevre Living Trust dated October 8, 2001; |
| Exhibit C | Unanimous Consent of Members Tom's Friends, LLC permitting assignment of seven Investment Units in Bayonne Investments, LLC to BCIJ, LLC in exchange for payment Of $400,000, signed on March 26, 27, 2007; |
| Exhibit D | Assignment of Membership Interests, dated March 27, 2007, between Tom's Friends, LLC and BCIJ, LLC; |
| Exhibit E | Agreement between Thomas J. LeFevre, as Trustee of Thomas J. LeFevre Living Trust dated October 8, 2001, and/or its successor and assigns, and BCIJ, LLC, and/or its successors and assigns, (undated); |
| Exhibit F | Security Agreement, by Thomas J. LeFevre and as Trustee of the Thomas J. LeFevre Living Trust dated October 8, 2001, ("Borrower") in favor of BCIJ, LLC ("Lender") executed on March 27, 2007; |

Case No. 8:09-CV-551-T-17EAJ

| | |
|---|---|
| Exhibit G | Collateral Assignment of Distributions And Profits by Thomas J. LeFevre, Individually and as Trustee of the Thomas J. LeFevre Living Trust dated October 8, 2001 ("Borrower") and BCIJ, LLC ("Lender) dated March 27, 2007; |
| Exhibit H | Closing Agreement, between Thomas J. LeFevre, as Trustee of Thomas J. LeFevre Living Trust dated October 8, 2001, and BCIJ, LLC, pursuant to Purchase Agreement for Membership Interest ("Contract") Berlin Law Firm, P.A. ("Closing Agent") has been requested to consummate the closing of the transaction involving the Contract; |
| Exhibit I | Balance Sheet, Bayonne Investments LLC, as of March 27, 2007; |
| Exhibit J | Appraisal Report of "The Bayonne Development" dated November 10, 2006, to Karyn L. Wild, Vice President, Commercial Lending, M&I Bank; |
| Exhibit K | Memorandum of Joint Development Agreement, Dated October 12, 2005 between Bayonne Development LLC, and Bayonne Investments, LLC, prepared by Evan Berlin, Esq., Berlin Law Firm, and recorded in Sarasota County on October 17, 2005; |
| Exhibit L | Balance Sheet of Bayonne Investments, LLC, As of May 3, 2007; |

Defendant Bayonne, LLC, formerly Bayonne Development, LLC, moves to dismiss the Amended Complaint for failure to state a claim under Rule 12(b)(6), or pursuant to Rule 56, Fed.R.Civ.P., granting Defendant Bayonne, LLC, final summary judgment in its favor and against Plaintiff BCIJ, LLC on Counts I, II, III, IV, V, XI and XII.

3

Case No. 8:09-CV-551-T-17EAJ

Defendant Bayonne, LLC argues that the Amended Complaint does not allege direct participation by Defendant Bayonne, LLC in: 1) any of the misrepresentations and/or breach of warranties as to the membership units sold to Plaintiff; 2) providing a balance sheet which did not accurately reflect Bayonne Investments, LLC's liabilities to Plaintiff; and 3) providing Plaintiff with and vouching for the accuracy of an appraisal of real property owned by Bayonne Investments, LLC. Defendant Bayonne, LLC argues that the Amended Complaint alleges only that Defendant Thomas LeFevre and Defendant Evan Berlin acted as Defendant Bayonne, LLC's agents.

I. Standard of Review

As the Supreme Court held in <u>Bell Atlantic v. Twombly</u>, 127 S.Ct. 1955 (2007), a complaint must be dismissed pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim for relief that is plausible on its face." <u>Id.</u> at 1974 (rejecting the traditional 12(b)(6) standard set forth in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)). The allegations in plaintiff's complaint are presumed true at this stage and all reasonable factual inferences must be construed in plaintiff's favor. However, the Court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint. Nor must the Court accept legal conclusions cast in the form of factual allegations. To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic</u>, 127 S.Ct. at 1965.

4

Case No. 8:09-CV-551-T-17EAJ

II. Discussion

A. Count I

Defendant Bayonne, LLC argues that Defendant did not offer to sell or lease Plaintiff unit 441 as a matter of law. Defendant Bayonne, LLC argues that the Agreement between Plaintiff BCIJ, LLC and Defendant Thomas J. LeFevre Living Trust is not an offer from Defendant Bayonne, LLC to sell Plaintiff BCIJ, LLC unit 441, nor is it a manifestation of Defendant Bayonne, LLC's willingness to enter into a contract with Plaintiff. Defendant requests that Count I be dismissed with prejudice.

Plaintiff BCIJ, LLC responds that Defendant Bayonne, LLC is one of two parties to the publicly recorded Joint Development Agreement, along with Bayonne Investments, LLC. Plaintiff BCIJ, LLC argues that by virtue of the joint venture relationship, Defendant Bayonne Investments, LLC is vicariously liable for any misrepresentations made to Plaintiff by Bayonne, LLC in the course of soliciting or implementing Plaintiff's investment in the project.

Plaintiff BCIJ, LLC further argues that, aside from the joint venture relationship, Defendant Bayonne, LLC was a direct participant in the fraudulent investment scheme by virtue of the actions of its agents, Defendants Thomas J. LeFevre and Evan Berlin. Plaintiff BCIJ, LLC relies on the publicly recorded fact that Defendant LeFevre is Defendant Bayonne, LLC's managing member. Plaintiff BCIJ, LLC argues that, under Florida law, a limited liability company's manager is an agent of the LLC for

5

Case No. 8:09-CV-551-T-17EAJ

purposes of its business. See Sec. 608.4235(2)(b), Fla. Stat. (2008). Plaintiff argues that Defendant LeFevre personally dealt with Plaintiff in the course of Defendant Bayonne, LLC's business, the development of the Commercial Property and Waterfront Property. Plaintiff further argues that the Joint Development Agreement establishes that the Berlin Law Firm, P.A. prepared the Agreement and acted as Defendant Bayonne, LLC's counsel. Plaintiff argues that the acts and representations of Evan Berlin, Defendant Bayonne, LLC's attorney, are attributable to Defendant Bayonne, LLC on the basis of their agent/principal relationship. Plaintiff BCIJ, LLC argues that Defendant Bayonne, LLC was a direct participant in the investment scheme by virtue of the joint venture agreement, and by virtue of the principal/agent relationships with Defendants LeFevre and Evan Berlin.

1. Joint Venture

A joint venture agreement must arise out of contract, express or implied. "In addition to the essentials of an ordinary contract, in contracts creating joint ventures, there must be: 1) a community of interest in the performance of a common purpose; 2) joint control or right of control; 3) a joint proprietary interest in the subject matter; 4) a right to share profits; and 5) a duty to share losses which may be sustained." Browning v. Peyton, 918 F.2d 1516 (11th Cir. 1990).

The scope of the Joint Development agreement is defined within the Agreement. The Joint Development Agreement acknowledges that Defendant Bayonne, LLC and Bayonne Development, LLC entered into the Agreement to provide for the development of

6

certain shared infrastructure and the apportionment of costs associated with the development, construction, use and maintenance of certain improvements to the "Total Property." The improvements include the primary access road to and from the Waterfront Property, underground utilities servicing both Commercial Property and Waterfront Property, drainage facilities servicing both Commercial Property and Waterfront Property, stormwater retention/collection/drainage areas servicing both properties, landscaping, decorative features, fountains, ornamental lighting, hardscape detailing, and signage, all along the primary access road, as well as and all other improvements, Access and Shared Utilities servicing or otherwise benefitting both the Waterfront Property and Commercial Property.

All members of a joint enterprise may be may be joint and severally liable to third persons for wrongful acts committed within the scope of the joint enterprise. Florida Tomato Packers, Inc. v. Wilson, 536 So.2d 536 (Fla. 3d DCA 1974.). Plaintiff contends that Bayonne Investments, LLC is vicariously liable for any misrepresentations made to Plaintiff by Bayonne, LLC. Whether the Joint Development Agreement creates a joint venture, and whether the representations and conduct complained of are within the scope of the Joint Development Agreement are questions that are properly resolved at a later stage of this case.

2. Principal/Agent

Defendant LeFevre is the managing member of Defendant Bayonne, LLC. Under Sec. 608.4235(2)(b), Fla. Stat. (2008), the manager is an agent of the LLC for purposes of its business.

Case No. 8:09-CV-551-T-17EAJ

Defendant Bayonne, LLC's business was the development of the Waterfront Property.

The provisions of the Joint Development Agreement show that Defendants Evan Berlin and Berlin Law Firm, P. A. represented Defendant Bayonne, LLC. "Generally, an attorney serves as agent for his client; the attorney's acts are the acts of the principal, the client." Sebree v. Schantz, Schatzman, Aaronson & Perlman, 963 So.2d 842, 847 (Fla. 3d DCA 2007). The provisions of the Joint Development Agreement show that the Agreement was jointly prepared with counsel for Bayonne Investments:

> 34. **Preparation**. This instrument was initially prepared by Berlin Law Firm, PA, in its capacity as counsel to Bayonne, but has been jointly prepared and drafted with counsel for Bayonne Investments. No representation of Bayonne Investments by Berlin Law Firm, PA is to be implied, and Bayonne Investments represents that it has had independent counsel negotiated, review and prepare this instrument on its behalf. Accordingly, this instrument shall not be construed in favor of one Party over the other, each having jointly negotiated and prepared this Agreement.

Partnerships and limited liability companies can act only through their managing members. Where a plaintiff alleges actions taken by a managing member in his capacity as such, a reasonable inference is direct participation by the limited liability company.

After considering all well-pleaded facts, and the inferences drawn from them in favor of Plaintiff, the Court **denies** the

Case No. 8:09-CV-551-T-17EAJ
Motion to Dismiss as to Count I.

B. Count II - Section 10(b) and Rule 10b-5

Defendant Bayonne LLC argues that Plaintiff alleges generally that all Defendants made untrue statements of material fact without alleging which Defendants made which statements. Defendant argues that the Amended Complaint contains no allegations supporting an inference that certain Defendants were acting as Defendant Bayonne, LLC's agent when allegedly misleading statements were made. Defendant argues that the Amended Complaint lacks sufficient allegations to fulfill the heightened scienter pleading requirement of the PSLRA. Defendant Bayonne is not alleged to have any membership interest in Bayonne Investments, LLC, TT, LLC or GLRS, LLC. Defendant argues there is no basis on which the Court can find a strong inference that Bayonne, LLC had knowledge of the alleged facts. Defendant argues that Bayonne, LLC did not make any representations regarding the veracity of the other Defendants' representations to Plaintiff. Defendant requests dismissal of Count II.

Plaintiff responds that the allegations of the Amended Complaint identify the misrepresentations made orally and in the transaction documents, which are attached to the Amended Complaint, as well as who was responsible for the undisputed misrepresentations, on which Plaintiff reasonably relied. Plaintiff argues that the allegations of the Amended Complaint show that, through LeFevre, Berlin, and Bayonne Investments, LLC, Bayonne made false statements of material fact to Plaintiff by:

> 1) preparing and providing documents to Plaintiff that actively misrepresented the authority of LeFevre and the LeFevre Trust to pledge Membership Units in TT and GLRS as security for Plaintiff's investment; 2) providing to Plaintiff a balance sheet which understated Bayonne Investment, LLC's liabilities by 1.2 million; and 3) providing to Plaintiff a substantially inflated appraisal of the Commercial Property that failed to account for the effect of the Joint Development Agreement."

Plaintiff further argues that Defendants knew of the falsity of the misrepresentations: 1) LeFevre was a managing member of Bayonne, LLC and Bayonne Investments, LLC; 2) Berlin was a manager and equity owner of TT; 3) Berlin, through Berland, as an equity owner of Bayonne Investments, LLC; and 4) Berlin and Berlin Law Firm, P.A. prepared the Joint Development Agreement, which the appraisal omitted from its consideration. Plaintiff further argues that Bayonne intended the false appraisal to induce Plaintiff's reliance, and Plaintiff reasonably relied upon Bayonne's misrepresentations in making the decision to invest.

After consideration, the Court **grants** the Motion to Dismiss as to Count II, with leave to amend within fourteen days by stating which Defendant made which statements, in what capacity, at what time and in what circumstances.

C. Count III - Sec. 517.301, Fla. Stat.

Defendant Bayonne, LLC argues that Sec. 517.211, Fla. Stat. requires that a plaintiff be in privity with the seller before liability will be imposed. E.F. Hutton v. Rousseff, 537 So.2d 978, 981 (Fla. 1989). Defendant Bayonne relies on Exhibit B to

Case No. 8:09-CV-551-T-17EAJ

the Amended Complaint. Defendant requests that Count III be dismissed with prejudice.

Plaintiff responds that the statute extends liability for false statements made in connection with the sale of securities to every director, officer, partner or agent of the seller "if the director, officer, partner or agent has personally participated or aided in making the sale." Sec. 517.211(2), Fla. Stat. (2008). Plaintiff relies on the joint venture, partner and agency relationship between Bayonne, LLC and Bayonne Development, LLC, and Bsyonne's participation and aid in making the sale to Plaintiff.

After consideration, the Court **grants** the Motion to Dismiss as to Count III, with leave to amend within fourteen days, to state which Defendant has made which statement, in what capacity, when and in what circumstances.

D. Count IV - Fraudulent Inducement
E. Count V - Negligent Misrepresentation

Defendant argues that Count IV and Count V are subject to the heightened pleading requirements of Rule 9(b), Fed.R.Civ.P. Defendant argues that Plaintiff's allegation that all Defendants made misrepresentations that induced Plaintiff by stating that "LeFevre and the LeFevre Trust were authorized to pledge membership units in TT and GLRS" and "the value of [Bayonne Investments, LLC]" are not sufficiently particular to meet the requirements of Rule 9(b).

Plaintiff responds that allegations of the Amended Complaint identify the misrepresentations made orally and in the

11

Case No. 8:09-CV-551-T-17EAJ

transaction documents, and copies of the documents are attached to the Amended Complaint.

Defendant Bayonne, LLC further argues that Plaintiff's allegations are contradicted by the exhibits to the Amended Complaint, as only Thomas LeFevre and the Thomas LeFevre Trust are parties to the Security Agreement and Assignment. While it is true that factual allegations of exhibits control over factual allegations of the complaint to which exhibits are attached, in determining a motion to dismiss, the Court construes the allegations of the Amended Complaint and reasonable inferences drawn from them in favor of the plaintiff. There are unresolved issues as to the agency of the individual Defendants, which must be resolved at a later stage of this case.

Defendant Bayonne, LLC further argues that Count IV and Count V are barred as a matter of law by the economic loss rule. Plaintiff responds that the claims for fraudulent inducement and negligent misrepresentation are not barred by the economic loss rule. See HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So.2d 1238, 1239 (Fla. 1989)(economic loss rule does not bar claim where tort independent of breach of contract).

The Amended Complaint alleges fraud in connection with the financial statements and the authority to pledge shares, and fraud in connection with the appraisal.

After consideration, the Court **grants** the Motion to Dismiss as to Count IV and Count V as to fraud in connection with the financial statements and authority to pledge shares, with leave to amend, because the current allegations do not meet the

Case No. 8:09-CV-551-T-17EAJ

requirements of Fed.R.Civ.P. 9(b). The Court **denies** the Motion to Dismiss as to the appraisal. The Court, sua sponte, directs Plaintiff to file an Amended Complaint which states who provided the appraisal to Plaintiff, in what capacity, at what time, and in what circumstances.

F. Count XI - Sec. 501.201, Fla. Stat.

Defendant argues that Plaintiff's purchase of membership units in Defendant Bayonne Investments, LLC is a purchase of securities, not a real estate transaction. Defendant further argues that securities transactions are not within the scope of FDUPTA. Defendant further argues that Plaintiff does not allege that Bayonne, LLC was a direct participant in the dealings. Defendant requests that Count XI be dismissed with prejudice.

As to direct participation, there are sufficient factual allegations in the Amended Complaint from which a reasonable inference of direct participation can be drawn.

As to Defendant's contention that the transaction at issue was only a securities transaction, Plaintiff argues that Plaintiff's investment transaction encompassed and contemplated an offer to acquire real estate for purposes of ILSA. Plaintiff argues that, in consideration for the investment, LeFevre provided Plaintiff with a Unit Upgrade Agreement whereby Bayonne's managing member, LeFevre, was bound to use his best efforts to cause Bayonne to enter into a contract for the sale of a condominium unit with Plaintiff. Plaintiff argues that the Unit Upgrade Agreement was an "inducement, solicitation, or attempt to encourage a person" to acquire property on the part of

13

Case No. 8:09-CV-551-T-17EAJ

LeFevre and Bayonne. Plaintiff further argues that the Agreement was a material basis of the bargain through which Plaintiff invested $400,000 in the project.

Plaintiff argues that FDUPTA applies to real estate transactions, and a violation of ILSA constitutes a per se violation of FDUPTA. <u>Meitis v. Park Square Enters, Inc.</u>, 2009 WL 70323 (M.D. Fla. 2009). Plaintiff argues that this contains other claims in addition to the claims for securities fraud, and Count XI properly states a claim against Bayonne under FDUPTA.

After consideration, the Court **denies** the Motion to Dismiss as to Count XI.

G. Count XII - Equitable Lien

Defendant Bayonne, LLC argues that Plaintiff's allegations directly and expressly contradict the Exhibits attached to the Amended Complaint. Defendant argues that the agreement provides that Defendant was to use his best efforts to cause Bayonne, LLC to enter into an agreement for Plaintiff to purchase Unit 441. Defendant further argues that Plaintiff's allegation that the documents show the intent of have the property owned by Bayonne stand as security for Plaintiff's investment is false; Bayonne, LLC did not execute any of the documents associated with the transaction between Plaintiff, LeFevre and LeFevre Trust. Defendant Bayonne, LLC argues there is no written instrument executed by Bayonne, LLC in which Bayonne, LLC consents to its property standing as security for Plaintiff's investment. Defendant argues that Bayonne, LLC did not receive the proceeds of Plaintiff's investment funds, and received no benefit from

Case No. 8:09-CV-551-T-17EAJ

funds going to M & I Bank. Bayonne, LLC's rights under the Joint Development Agreement predate and are superior to the mortgage of M & I Bank. Defendant further argues that there is no writing wherein Bayonne, LLC guaranteed the debt of Bayonne Investments, LLC and LeFevre, or in which Bayonne, LLC consented to its property standing as security for Plaintiff's investment. Defendant argues that the Florida's statute of frauds, Sec. 725.01, Fla. Stat. Defendant requests that Count XII be dismissed with prejudice.

In response, Plaintiff argues that Plaintiff has included sufficient allegations in the Amended Complaint to show Plaintiff's entitlement to an equitable lien. Plotch v. Gregory, 463 So.2d 432, 436 (Fla. 4th DCA 1985). Plaintiff relies on Plaintiff's allegations of fraud, misrepresentation and other affirmative deception by Defendant Bayonne, and the funds provided by Plaintiff for the improvement of the land, including both the Waterfront Property and Commercial Property.

After consideration, the Court **denies** the Motion to Dismiss as to Count XII. Accordingly, it is

**ORDERED** that the Motion to Dismiss (Dkt. 36) is: 1) **denied** as to Count I; **granted** as to Count II, with leave to amend as stated above; **granted** as to Count III, with leave to amend as stated above; **granted** in part and **denied** in part, with leave to amend, and to include a more definite statement, as to Counts IV and V; **denied** as to Count XI; and **denied** as to Count XII.

Case No. 8:09-CV-551-T-17EAJ

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 24th day of March, 2009.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record