UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BCIJ, LLC,

    Plaintiff,

v.                          CASE NO. 8:09-CV-551-T-17EAJ

THOMAS J. LEFEVRE, etc.,
et al.,

    Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 46    Motion to Dismiss Amended Complaint (Berlin)
Dkt. 63    Response

The Amended Complaint in this multiple claim, multiple defendant case includes the following:

Count I:    Violation of Interstate Land Sales Full Disclosure Act, 15 U.S.C. Sec. 1703(a)(2)

As to Thomas J. LeFevre, individually and as trustee of Thomas J. LeFevre Living Trust, Tom's Friends, LLC, Tom's S Corp., Bayonne Investments, LLC, Bayonne, LLC, Evan Berlin, Berland Investments, LLC, Berlin Law Firm, P.A.

Count II:    Violation of Section 10(b) of Securities Exchange Act of 1934 and SEC Rule 10b-5

All Defendants

    Count III:  Violation of Florida Securities and
                  Investor Protection Act, Section 517.301,
                  Fla. Stat.

All Defendants


Count IV:      Fraudulent Inducement

As to LeFevre, ind., and as trustee of LeFevre Living Trust, Tom's Corp., Tom's Friends, LLC, Bayonne Investments, LLC, Bayonne, LLC, Evan Berlin, Berland Investments, LLC, and M & I Marshall & Ilsley Bank


Count V:       Negligent Misrepresentation

As to LeFevre, ind., and as trustee of LeFevre Living Trust, Tom's S Corp., Tom's Friends, Bayonne Investments, LLC, Bayonne, LLC, Evan Berlin, Berland Investments, LLC, and M & I Marshall & Ilsley Bank


Count VI:     Aiding and Abetting Fraud

As to Berlin Law Firm, P.A. and M & I Marshall & Ilsley Bank


Count VII:    Breach of Contract

As to LeFevre, ind., and as trustee of LeFevre Living Trust


Count VIII:   Unjust Enrichment

As to LeFevre, ind., and as trustee of LeFevre Living Trust, Tom's Friends, Tom's S Corp., Bayonne Investments, LLC, Berland Investments, LLC, M & I Marshall & Ilsley Bank


Count IX:     Civil Theft, Sec. 772.11, Fla. Stat.

As to LeFevre, ind., and as trustee of LeFevre Living Trust

Case No. 8:09-CV-551-T-17EAJ

    Count X:      Legal Malpractice/Negligence

As to Evan Berlin and Berlin Law Firm, P.A.

    Count XI:     Florida Deceptive and Unfair Trade Practices Act, Sec. 501.201, Fla. Stat.

As to LeFevre, ind., and as trustee of LeFevre Living Trust, Tom's Friends, Tom's S Corp., Bayonne Investments, LLC, Bayonne, LLC, Evan Berlin, Berland Investments, LLC and Berlin Law Firm, P.A.

    Count XII:    Equitable Lien

As to Bayonne Investments, LLC, TT, LLC, and Bayonne, LLC

On April 3, 2006, Plaintiff BCIJ, LLC entered into a Contract for Purchase and Sale with Bayonne Development, LLC for the purchase of Unit 241 in Grande Bay Condominium. On March 24, 2007, Thomas LeFevre, accompanied by Evan Berlin, approached William Turkish, managing member of BCIJ, LLC to inquire whether BCIJ would make a $400,000 investment in Bayonne Investments, LLC in exchange for additional security and an upgrade to a more expensive condominium unit in Grande Bay Condominium. On March 27, 2007, Plaintiff BCIJ, LLC closed on this investment transaction through which Plaintiff invested $400,000 in Bayonne Investments, LLC through his purchase of seven Investment Units in Bayonne Investments, LLC. As security for the investment, BCIJ was provided with an upgrade to a more expensive unit in Grande Bay Condominium. In the event the condominium upgrade did not come to fruition, and as an alternative security for BCIJ's investment, BCIJ was provided with membership units in TT, LLC and GLRS, LLC, both of which owned other real estate in Sarasota, FL. Upon consummation of the investment transaction, the funds

3

from BCIJ were wired from the Berlin Law Office's trust account to Defendant M&I, the owner and holder of the mortgage on BI's development site, the Commercial Property. Plaintiff BCIJ, LLC alleges that in April, 2008, Plaintiff learned from Evan Berlin that the investment transaction was a deliberately orchestrated sham, in that LeFevre and LeFevre Trust were never authorized to pledge their membership units in GLRS, and the conditions required by TT's operating agreement were never satisfied. The security pledged to Plaintiff BCIJ as consideration for BCIJ's investment in Bayonne Investments, LLC was completely defective, resulting in an a completely unsecured obligation to BCIJ by LeFevre and LeFevre Trust.


Plaintiff's failed investment included the following documents, attached to the Amended Complaint:

| | |
|---|---|
| Exhibit A | Contract for Purchase and Sale Of Unit 241, Residences at Grande Bay, A Condominium, dated April 3, 2006, between BCIJ, LLC and Bayonne Development, LLC; |
| Exhibit B | Purchase Agreement for Membership Interest dated March 27, 2007, between BCIJ, LLC and Thomas J. LeFevre, as Trustee Of Thomas J. LeFevre Living Trust dated October 8, 2001; |
| Exhibit C | Unanimous Consent of Members Tom's Friends, LLC permitting assignment of seven Investment Units in Bayonne Investments, LLC to BCIJ, LLC in exchange for payment Of $400,000, signed on March 26, 27, 2007; |
| Exhibit D | Assignment of Membership Interests, dated March 27, 2007, between Tom's Friends, |

|  |  |
|---|---|
|  | LLC and BCIJ, LLC; |
| Exhibit E | Agreement between Thomas J. LeFevre, as Trustee of Thomas J. LeFevre Living Trust dated October 8, 2001, and/or its successor and assigns, and BCIJ, LLC, and/or its successors and assigns, (undated); |
| Exhibit F | Security Agreement, by Thomas J. LeFevre and as Trustee of the Thomas J. LeFevre Living Trust dated October 8, 2001, ("Borrower") in favor of BCIJ, LLC ("Lender") executed on March 27, 2007; |
| Exhibit G | Collateral Assignment of Distributions And Profits by Thomas J. LeFevre, Individually and as Trustee of the Thomas J. LeFevre Living Trust dated October 8, 2001 ("Borrower") and BCIJ, LLC ("Lender) dated March 27, 2007; |
| Exhibit H | Closing Agreement, between Thomas J. LeFevre, as Trustee of Thomas J. LeFevre Living Trust dated October 8, 2001, and BCIJ, LLC, pursuant to Purchase Agreement for Membership Interest ("Contract") Berlin Law Firm, P.A. ("Closing Agent") has been requested to consummate the closing of the transaction involving the Contract; |
| Exhibit I | Balance Sheet, Bayonne Investments LLC, as of March 27, 2007; |
| Exhibit J | Appraisal Report of "The Bayonne Development" dated November 10, 2006, to Karyn L. Wild, Vice President, Commercial Lending, M&I Bank; |
| Exhibit K | Memorandum of Joint Development Agreement, Dated October 12, 2005 between Bayonne Development LLC, and Bayonne Investments, LLC, prepared by Evan Berlin, Esq., Berlin Law Firm, and recorded in Sarasota County on October 17, 2005; |

Case No. 8:09-CV-551-T-17EAJ

    Exhibit L        Balance Sheet of Bayonne Investments, LLC, As of May 3, 2007.

I. Standard of Review

As the Supreme Court held in Bell Atlantic v. Twombly, 127 S.Ct. 1955 (2007), a complaint must be dismissed pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim for relief that is plausible on its face." Id. at 1974 (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The allegations in plaintiff's complaint are presumed true at this stage and all reasonable factual inferences must be construed in plaintiff's favor. However, the Court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint. Nor must the Court accept legal conclusions cast in the form of factual allegations. To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atlantic, 127 S.Ct. at 1965.

II. Discussion

The claims asserted against Defendants Evan Berlin, Berlin Law Firm, P.A., and Berland Investments, LLC are based on allegations of: 1) oral statements; 2) statements within documents; 3) Defendants' conduct as to preparation of the documents which carried out the transaction with Plaintiff; 4) documents provided to Plaintiff, including the appraisal and

6

Case No. 8:09-CV-551-T-17EAJ

financial statements; and 5) Defendants' knowledge at the relevant time.

A. Count I - ILSA

Defendants argue that when Defendant is a lawyer or law firm, an omission is insufficient to support a claim for misrepresentation; a plaintiff must allege an active misrepresentation. Ziemba v. Cascade International, Inc., 256 F.3d 1194 (11th Cir. 2001). Lawyers are not required to "tattle" on their clients in the absence of a duty to disclose; lawyers have privileges not to disclose. Barker v. Henderson, Franklin, Starnes & Holt, 797 F.2d 490 (77th Cir. 1986). Defendants argue that Defendants had no privity, no attorney/client relationship, no fiduciary relationship and no other special relationship with Plaintiff which created a duty to disclose.

Plaintiff responds that the documents prepared and provided by Defendants Berlin and Berlin Law Firm, P.A. contain active misrepresentations as to the authority and approval to transfer Membership Units in TT, LLC and GLRS, LLC. Plaintiff argues that ILSA applies because the transaction encompassed a solicitation, inducement, encouragement, and offer to sell Plaintiff a condominium unit as part of the security and consideration for the investment.

After consideration, the Court **denies** the Motion to Dismiss as to Count I.

7

Case No. 8:09-CV-551-T-17EAJ

B. Count II - Sec. 10(b) and Rule 10b-5

Defendants argue that Plaintiff does not allege an active misrepresentation by Defendants, and an omission is insufficient. Defendants also argue that Plaintiff has not alleged securities fraud with particularity as required by Rule 9(b). Defendants further argue the Plaintiff has not alleged particular facts giving rise to a strong inference that Defendants acted in a "severely reckless" manner.

After consideration, the Court **grants** the Motion to Dismiss as to Count II, with leave to file an Amended Complaint within fourteen days which alleges who made statements, what statements were made, when the statements were made, and in what capacity the statements were made.

C. Count III - Sec. 517.301, Fla. Stat.

Defendants argue that this claim is insufficient for the same reason as Count II. Defendants further argue that buyer/seller privity is required, and Plaintiff does not allege privity between Plaintiff and Defendants.

Plaintiff argues that the statute extends liability to "every director, officer, partner, or agent" of the seller "if the director, officer, partners or agent has personally participated or aided in making the sale...." Sec. 517.211(2), Fla. Stat.

8

Case No. 8:09-CV-551-T-17EAJ

After consideration, the Court **grants** the Motion to Dismiss as to Count III, with leave to file an Amended Complaint within fourteen days, which alleges who made statements, what statements were made, when the statements were made, and in what capacity the statements were made.

D. Count IV - Fraudulent Inducement
E. Count V - Negligent Misrepresentation

Defendants argue that Plaintiff does not allege an active misrepresentation by Berlin or Berland. Defendants also argue that Plaintiff does not allege misrepresentation with particularity, as required.

Plaintiff responds that Plaintiff has alleged the participation of the Berlin Defendants with sufficient particularity. Plaintiff argues that the documents prepared and provided by Defendants Berlin and Berlin Law Firm, P.A. contain misrepresentations concerning the authority and approval to transfer Membership Units in TT, LLC and GLRS, LLC. Plaintiff further argues that Berlin Law Firm, P.A. provided the balance sheet containing misrepresentations and the allegedly inflated appraisal to Plaintiff. Plaintiff also argues that Defendants Berlin and Berlin Law Firm, P.A. prepared the Joint Development Agreement.

Plaintiff further argues that when a lawyer or law firm makes active representations directly to an investor, while having his/its own property interest in the subject investment, the lawyer and law firm is not shielded from liability. Plaintiff argues that Defendants are liable for material omissions made in documents on which Defendants knew or should

9

Case No. 8:09-CV-551-T-17EAJ

have known Plaintiff would rely. <u>Walco, Invs., Inc. v. Thenen</u>, 881 F.Supp. 1576, 1581-83 (S.D. Fal. 1995). Plaintiff also relies on <u>Thompson v. Paul</u>, 547 F.3d 1055, 1063 (9th Cir. 2008)(where attorney makes representations to prospective purchasers of securities, attorney must tell the truth about the securities; attorney/client relationship with seller not relevant) and <u>ZC Ins. Co. v. Brooks</u>, 847 So.2d 547, 551 (Fla. 4th DCA 2003)(where material information disclosed, disclosure must be full). Plaintiff argues that the Berlin Defendants' active solicitation of Plaintiff required full disclosure.

After consideration, the Court **grants** the Motion to Dismiss as to the financial statements and authority to pledge shares, with leave to amend because the current allegations do not meet the requirements of Fed.R.Civ.P. 9(b), with leave to file an Amended Complaint within fourteen days. The Court **denies** the Motion to Dismiss as to the appraisal, and directs Plaintiff to file an Amended Complaint which states who provided the appraisal to Plaintiff, at what time and in what circumstances.

F.  Count VI - Aiding and Abetting Fraud

Defendants argue the Court should decline to recognize the tort of aiding and abetting fraud, and that Plaintiff does not allege active misrepresentation or affirmative substantial assistance by Berlin Law Firm, P.A. Defendants further argue that Plaintiff has not alleged substantial assistance with particularity. Defendants further argue that Plaintiff alleges that the false representations were made by Defendant LeFevre and the LeFevre Trust, not Defendants Berlin, Berlin Law Firm, P.A. and Berland Investments, LLC.

Plaintiff argues that Defendants' role in soliciting Plaintiff's investment, and Defendants' ownership involvement in two of the entities at the center of the scheme distinguish the facts alleged in the Amended Complaint from the typical role of transactional counsel in preparing documents and hosting a closing.

After consideration, the Court **grants** the Motion to Dismiss as to the financial statements and authority to pledge shares, with leave to file an Amended Complaint within fourteen days which includes allegations specifying active misrepresentations and the substantial assistance provided by Defendants with particularity. The Court **denies** the Motion to Dismiss as to the appraisal, and directs Plaintiff to file an Amended Complaint which includes factual allegations as to when and how the appraisal was provided to Plaintiff.

G. Count VIII - Unjust Enrichment

Defendants argue that there was no direct benefit to Defendants, based on allegations in the Exhibits attached to the Complaint, which contradict the allegations of the Complaint

Plaintiff responds that the Amended Complaint includes allegations that: 1) Berland's managing member, Berlin, played a direct and active role in soliciting Plaintiff's investment; 2) Berlin and his law firm prepared key documents containing the core misrepresentations, presented them to Plaintiff, and facilitated the closing, including the use of Berlin's trust account; and Berlin, by virtue of his ownership in both Bayonne Investments, LLC and TT, LLC, and the fact that he drafted the

Case No. 8:09-CV-551-T-17EAJ

Joint Development Agreement, possessed detailed knowledge both of the property in which Plaintiff invested, as well as the entities associated with the property. Plaintiff argues that, under Florida law, a company employee's knowledge of the company's condition and operations as well as his or her role in the underlying transaction are factors to consider in determining whether an unjust enrichment claim may be stated against the employee. See <u>Huntsman Packaging Corp. v. Kerry Packaging Corp.</u>, 992 F.Supp. 1439, 1446 (M.D. Fla. 1998).

The Court notes that Plaintiff alleges that Plaintiff's $400,000 investment was transferred to Defendant M&I Bank. This amount was paid to the seller, LeFevre, et al., as consideration for the transfer of the Membership Units, and thereafter transferred. If the entire amount was transferred to M&I Bank, then no benefit was directly conferred on Defendants Berlin, Berlin Law Firm, P.A. and Berland Investments, LLC.

After consideration, the Court **grants** the Motion to Dismiss.

H. Count X - Legal Malpractice/Negligence

Defendants argue that a claim for legal malpractice must include the allegation of the employment of an attorney--privity. Defendants argue that Florida law requires privity of contract to establish professional negligence against an attorney. <u>Angel, Cohen and Rogovin v. Oberon Investment, N.V.</u>, 512 So.2d 192 (Fla. 1987). Defendants argue that the allegations of the Complaint do not meet the narrow exception permitted under Florida law. Defendants further argue that the allegation of consideration is not a substitute for privity. Defendants argue that the

12

Case No. 8:09-CV-551-T-17EAJ

allegation that Plaintiff is an assignee of Defendants' client is a conclusory allegation, and legal malpractice claims are not assignable in Florida. <u>Law Office of David J. Stern, P.A. v. Security National Servicing Corporation</u>, 969 So.2d 962 (Fla. 2007).

Plaintiff has alleged Plaintiff was the intended beneficiary of the documents prepared to effectuate Plaintiff's investment. Plaintiff further argues that Defendants Berlin and Berlin Law Firm, P.A. directly solicited the investment, and Defendant Berlin was an investor in the same development project and stood to personally gain from Plaintiff's investment.

Plaintiff further argues that legal malpractice claims are assignable when based upon the negligent publication of information to third parties. See <u>Cowan Liebowitz & Latham, P.C. v. Kaplan</u>, 902 So.2d 755, 758-59, 761 (Fla. 2005).

After consideration, the Court **denies** the Motion to Dismiss due to the presence of factual issues which must be resolved at a later stage of this litigation.

I. Count XI - Sec. 501.201, <u>Fla</u>. <u>Stat</u>.

Defendants argue that this claim should be dismissed for the same reason as Count I. Defendants further argue that FDUPTA does not apply to an action involving securities. <u>Crowell v. Morgan Stanley Dean Witter Services Co., Inc.</u> 87 F.Supp.2d 1287 (S.D. Fla. 2000).

Plaintiff responds that FDUPTA applies to real estate

Case No. 8:09-CV-551-T-17EAJ

transactions, including those involving condominiums. <u>Zlotnick v. Premier Sales Group, Inc.</u>, 431 F.Supp.2d 1290, 1294 (S.D. Fla. 2006); <u>Meitis v. Park Square Enters., Inc.</u>, 2009 WL 703273 (M.D. Fla. Jan. 21, 2009). Plaintiff argues that other claims in addition to securities fraud are included in the Amended Complaint.

After consideration, the Court **denies** the Motion to Dismiss as to Count XI. Accordingly, it is

**ORDERED** that the Motion to Dismiss is: 1) as to Count I, **denied**; 2) as to Count II, **granted**, with leave to amend within fourteen days, as stated above; 3) as to Count III, **granted**, with leave to amend, as stated above; 4) as to Count IV, **granted in part and denied in part** with leave to amend, and to include a more definite statement; 5) as to Count V, **granted in part and denied in part**, with leave to amend, and to include a more definite statement; 6) as to Count VI, **granted in part and denied in part**, with leave to amend and to include a more definite statement; 7) as to Count VIII, **granted**; 8) as to Count X, **denied**; and 9) as to Count XI, **denied**.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 24th day of March, 2010.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record