UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BCJJ, LLC, etc.,

    Plaintiff,

v.                              CASE NO. 8:09-CV-551-T-17EAJ

THOMAS J. LEFEVRE,
et al.,

    Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 231  Motion for Attorneys' Fees and Costs
Dkt. 307  Report and Recommendation
Dkt. 313  Objections
Dkt. 319  Response to Objections

The assigned Magistrate Judge has entered a Report and Recommendation in which it is recommended that Defendant M&I Marshall & Ilsley Bank's ("M&I") Motion for Attorneys' Fees and Costs be granted in part and denied in part.

Defendant M&I requested the award of $79,559.45 in attorney's fees and the award of $2,722.76 in costs.

The assigned Magistrate Judge recommends that Defendant M&I be awarded $53,702.63 in attorney's fees and $1,732.80 in costs. The recommended award includes a reduction for block billing and for time billed in defending Plaintiff's non-FSIPA claims. The recommended award for costs included a reduction for duplication costs that were not described in sufficient detail.

Case No. 8:09-CV-551-T-17EAJ

I. Objections

Plaintiff argues that it is premature to consider Defendant M&I's Motion for Fees and Costs prior to the appeal of the dismissal of Plaintiff's claims as to Defendant M&I. Plaintiffs request that Defendant's Motion be denied without prejudice or deferred until the resolution of an appeal.

Plaintiff further argues that there are insufficient grounds to award attorneys' fees to Defendant. Plaintiff argues that Plaintiff and Defendant have grossly disparate resources, and the award of attorneys' fees to Defendant M&I would be manifestly unjust.

Plaintiff further argues that the award to Defendant M&I is excessive. Plaintiff argues that the FSIPA claim was one of six claims, and the recommended award of $53,702.63 amounts to 67.65% of the fees incurred by Defendant. Plaintiff argues that in Durden v. Citicorp Trust Bank, FSB, 763 F.Supp.2d 1299 (M.D. Fla. 1/20/2011), the Court reduced the requested fees by 20% to account for duplicative, excessive and block-billing, and then by another 55% to account for the fact that the defense of the FSIPA claim was distinct from the defense of the other fraud claims. Based on Durden, Plaintiff requested that the assigned Magistrate Judge reduce any fee award to Defendant M&I to $28,641.40, 36% of the fee for defending the entire action. Plaintiff argues that the Report and Recommendation does not explain the basis for the downward departure from the formula applied in Durden.

Plaintiff requests that the Court decline to adopt the Report and Recommendation.

Case No. 8:09-CV-551-T-17EAJ

II.  Response to Objections

Defendant M&I responds that Plaintiff's Objections merely restate matters previously presented to the Court and the Magistrate Judge, and do not identify any actual errors in the Report and Recommendation.

Defendant M&I argues that the Magistrate Judge expressly considered Plaintiff's argument that the disposition of the Motion for Attorneys' Fees and Costs was premature.

Defendant M&I argues that the Magistrate Judge correctly found that Plaintiff failed to support its disparate resources argument with evidence and did not address the fact that Plaintiff's FSIPA claim was not justified.

Defendant M&I further argues that the assigned Magistrate Judge devotes over ten pages of the Report and Recommendation to an explanation for the basis of the fee award.  Judge Jenkins reviewed the rates, number of hours billed, and time spent on respective claims.

Defendant M&I argues that Plaintiff's Objections are without merit, and requests that the Court adopt the Report and Recommendation.

III.  Discussion

The Court has independently reviewed the pleadings and the record.  The Court has considered Plaintiff's Objections.

It is within the discretion of the Court to defer ruling on the Motion for Attorneys' Fees and Costs.  However, on a practical level, the Court has found it is often

Case No. 8:09-CV-551-T-17EAJ

counterproductive to defer ruling. Therefore, the Court will exercise its discretion to rule on Defendant's Motion. The Court overrules Plaintiff's objection.

In determining whether an award of attorney's fees would be unjust, a court may consider: 1) relative economic resources of the parties; 2) the public policy behind the statute authorizing the award of attorney's fees; and 3) whether or not the claims made by the non-prevailing plaintiff were substantially justified. Durden, 763 F.Supp.2d at 1306 n.5. In the Report and Recommendation, the assigned Magistrate Judge notes that Plaintiff did not provide affidavits or other evidence demonstrating an inability to pay, and that the disparate resources of the parties do not preclude a fee award where a plaintiff's FSIPA claim was not substantially justified. Durden at 1305-1306. After consideration, the Court overrules Plaintiff's objection.

Plaintiff has argued that the recommended fee award is excessive. The Court notes that Plaintiff's claims had a common factual basis. In the Report and Recommendation, the assigned Magistrate Judge explains that "If claims involve a common set of facts and related legal theories, then a full fee may be awarded unless it can be shown that counsel spent separate and distinct amounts of time on claims for which no attorney's fee award is authorized. Durden, 763 F.Supp.2d at 1306. The Magistrate Judge considered that Defendant's counsel spent separate and discrete amounts of time litigating Plaintiff's non-FSIPA claims. The Magistrate Judge determined that an across-the-board reduction was appropriate, and, after considering the time spent on discovery, and the time spent on non-FSIPA claims, determined that a reduction of 25% was appropriate.

The Court finds that the assigned Magistrate Judge explained the basis for the recommended award, the recommended award is not excessive, and overrules Plaintiff's objection.

Case No. 8:09-CV-551-T-17EAJ

The Court has overruled Plaintiff's Objections. The Court adopts the Report and Recommendation, and incorporates it by reference. Accordingly, it is

**ORDERED** that Plaintiff's Objections are **overruled**, and the Court **adopts and incorporates** the Report and Recommendation. The Court **grants** Defendant M&I's Motion for Attorneys' Fees in the amount of $53,702.63, and Costs, in the amount of $1,732.80 (Dkt. 231).

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 17th day of November, 2011.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

5