UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BCJJ, LLC, a Florida limited liability
corporation,

      Plaintiff,

v.                                    Case No. 8:09-CV-551-T-17EAJ

THOMAS J. LEFEVRE, et al.,

      Defendants.

_____/

## ORDER

This cause is before the Court on:

| | |
|---|---|
| Dkt. 296 | Amended Motion for Sanctions Pursuant to Rule 11 |
| Dkt. 304 | Response |
| Dkt. 351 | Order Directing Response by Berlin Defendants |
| Dkt. 355 | Reply |

Defendants, Evan Berlin and Berlin Law Firm, P.A. (the "Berlin Defendants"),

filed the instant motion on August 23, 2011, seeking sanctions for Plaintiff BCJJ's

alleged filing of frivolous papers with the Court. (Dkt. 296). The Berlin Defendants had

first filed a Motion for Sanctions on July 20, 2011, (Dkt. 260), but withdrew that motion

on July 29, 2011 after acknowledging their failure to comply with Rule 11's 21-day "safe

harbor" provision. (Dkts. 268, 269). In its response, BCJJ contends that the Berlin

Defendants failed to serve a copy of the Amended Motion for Sanctions as required by

Federal Rules of Civil Procedure 5 and 11 and that the motion should therefore be

Case No. 8:09-CV-551-T-17EAJ

denied as procedurally defective. (Dkt. 304). The Berlin Defendants admit that the Amended Motion for Sanctions was only served on BCJJ via email, but submit that the filing and service, via CM/ECF, of the previous Motion for Sanctions, satisfies the requirements of Rules 5 and 11 notwithstanding the fact that said motion was later withdrawn. After consideration, the Court finds that the Berlin Defendants' Amended Motion for Sanctions is procedurally defective and must be denied as such.

## DISCUSSION

Sanctions pursuant to Federal Rule of Civil Procedure 11 "are proper (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose." *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995). Apart from its substantive requirements, though, Rule 11 includes the unique procedural requirement that a motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(1)(A); *see* 5A Charles Alan Wright et al., *Federal Practice and Procedure* § 1337.2 (3d ed.) ("A party seeking sanctions under Rule 11 first must serve—but not file—the motion for sanctions upon the party against whom sanctions are sought as provided by Rule 5.").

Case No. 8:09-CV-551-T-17EAJ

Rule 5, for its part, permits service of a paper in various ways, including, *inter alia*, by personal service, service by mail, or "sending [the paper] by electronic means *if the person consented in writing*." Fed. R. Civ. P. 5(b)(2) (emphasis supplied). With regard to consent, ECF Attorney Registration Form in this district provides a partial consent to electronic service:

> By signing this registration form, the undersigned consents to receive notice electronically, and waives the right to receive notice by personal service or first class mail of any document filed electronically pursuant to Federal Rule of Civil Procedure 5(b)(2)(D), except with regard to service of a complaint and summons. This registration form does not constitute consent to electronic service of a document that is not filed with the Court (such as a Rule 26 disclosure or a discovery request), but consent to electronic service of such paper may be given separately, in writing, in accordance with Federal Rule of Civil Procedure 5(b)(2)(D).

(Dkt. 304-4, at 3).

The Berlin Defendants admit that "the only method of service of the [Amended] Motion on August 1, 2011 was via e-mail." (Dkt. 355, at 2). BCJJ's use of CM/ECF does provide limited consent to electronic service of certain papers, but in the Middle District of Florida, that consent *specifically excepts* those papers "not filed with the Court" from its scope. *Compare* Dkt. 304-4, at 3, *with Deer v. Saltzman, Tannis, Pittell, Levin & Jacobson, Inc.*, 2011 WL 1526829, at *3–4 (S.D. Fla. Apr. 1, 2011) (providing that counsel had consented to electronic service by using ECF in the Southern District of Florida, where the ECF Attorney Registration form does not include the provision specifically excepting those papers "not filed with the Court" from the scope of consent). And as Rule 11 makes plain, the 21-day safe harbor service on opposing counsel "shall

Case No. 8:09-CV-551-T-17EAJ

not be filed or presented to the court" until the expiration of the 21-day period. Fed. R. Civ. P. 11(c)(1)(A). Thus, because there is no indication that BCJJ ever consented, in writing, to electronic service of the Berlin Defendants' Amended Motion for Sanctions, the emailing of that document was insufficient to comply with Rule 11's 21-day safe harbor provision. As such, the motion is procedurally deficient. *See Geico Gen. Ins. Co. v. Hampel*, 2012 WL 204284, at *2 (S.D. Fla. Jan. 6, 2012) ("Courts consistently have held that 'strict compliance with Rule 11 is mandatory.'" (quoting *In re Pratt*, 524 F.3d 580, 588 (5th Cir. 2008)); *Miller v. RelationServe, Inc.*, 2006 WL 5849318, at *6 (S.D. Fla. Dec. 1, 2006) ("[I]n this Circuit the procedural requirements of Rule 11 must . . . be strictly construed.").

The Berlin Defendants contend that their previous service of an identical motion for sanctions, (Dkt. 260), provides the necessary service to comply with the safe harbor provision, but they are wrong. That previous motion for sanctions was withdrawn nine days after its filing. (Dkts. 268, 269). "Withdrawal of a motion has a practical effect as if the party had never brought the motion." *Caldwell-Baker Co. v. S. Ill. Railcar Co.*, 225 F. Supp. 2d 1243, 1259 (D. Kan. 2002); *see Davis v. United States*, 2010 WL 334502, at *2 (C.D. Cal. Jan. 28, 2010) (explaining that "[t]he effect of withdrawal of a motion is to leave the record as it stood prior to the filing as though the motion had never been made"); *Remley v. Lockheed Martin Corp.*, 2001 WL 681257, at *3 (N.D. Cal. June 4, 2001) (noting that the withdrawal of a motion has the same effect as if it had not been made). Further, to comply with Rule 11's safe harbor provision, the Berlin Defendants

Case No. 8:09-CV-551-T-17EAJ

were required to serve the motion upon BCJJ, but were not permitted to file it with the Court until the 21-day period had elapsed. Such a paper falls squarely within the ECF Attorney Registration form's exception for "service of a document that is not filed with the Court." (Dkt. 304-4, at 3). And BCJJ never otherwise consented to electronic service of the Amended Motion for Sanctions, as Rule 5 requires. As such, the Berlin Defendants did not comply with the procedural requirements of Rule 11, and their Amended Motion for Sanctions must fail. Accordingly, it is

**ORDERED** that the Berlin Defendants' Amended Motion for Sanctions (Dkt. 296) be **DENIED**.

**DONE AND ORDERED** in Chambers, in Tampa, Florida this 8th day of August, 2012.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record